IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DENNIS COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv922-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I. INTRODUCTION**

Before the court is petitioner Dennis Coleman's ("Coleman") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which Coleman filed on September 14, 2015. *See* Doc. No. 1.[1] Coleman presents claims that his 2013 guilty plea to conspiracy to defraud the United States was not knowing and voluntary and that a clerical error in the district court's judgment caused a federal detainer to be lodged against him. The Government argues that Coleman's § 2255 motion is untimely under the one-year limitation period in 28 U.S.C. § 2255(f). *See* Doc. No. 11. Upon review of the pleadings, the evidentiary materials, and the applicable law, this court concludes that Coleman's § 2255 motion was not filed within the time allowed by federal law. Therefore, his motion should be denied as untimely and this case should be dismissed with prejudice.

---

[1]Unless otherwise indicated, document numbers ("Doc. No.") are those assigned by the Clerk of Court in this civil action. Page references are to those assigned by CM/ECF.

## II. DISCUSSION

On September 3, 2013, Coleman pleaded guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. *See* Doc. No. 11-2. On December 5, 2013, the district court sentenced Coleman to two months in prison, with that sentence to be served concurrently with his sentence in State of Alabama case number CC-11-883. Doc. No. 11-3; *see also* Criminal Case No. 2:13cr90-MHT, Doc. No. 351. Judgment was entered by the district court on December 16, 2013. Doc. 11-3.

Coleman did not appeal. He did however file motions with the district court seeking to have the judgment in his case amended so his sentence would be ordered to run concurrently with State of Alabama case number CC-01-5162, instead of case number CC-11-883. Doc. Nos. 11-4 through 11-6. The district court denied those motions. *See* Criminal Case No. 2:13cr90-MHT, Doc. Nos. 514, 538, and 552.

Coleman filed this § 2255 motion on September 14, 2015.[2] Doc. No. 1.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;

---

[2]Coleman originally filed his motion in the United States District Court for the Northern District of Alabama, using a form petition for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 1. After providing Coleman with the warning required by *Castro v. United States*, 540 U.S. 375 (2003), that court recharacterized Coleman's petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and transferred the motion to this court. *See* Doc. Nos. 3 through 6.

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Coleman did not appeal his conviction, his conviction became final 14 days after judgment was entered by the district court on December 16, 2013—that is, on December 30, 2013. *See* Fed.R.App.P. 4(b)(1)(A); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Thus, under § 2255(f)(1), Coleman had until December 30, 2014, to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). His filing of his § 2255 motion on September 14, 2015, renders it untimely under § 2255(f)(1).

Coleman sets forth no facts or argument to establish he is entitled to use § 2255(f)(2), § 2255()(3), or § 2255(f)(4) as a triggering event for statute of limitations purposes. Specifically, he has not shown that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date, *see* § 2255(f)(2); or that his claims are based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* § 2255(f)(4); or that the facts supporting his claims could not have been discovered earlier by exercising due diligence, *see* § 2255(f)(4).

Finally, the limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Coleman neither demonstrates nor even asserts that he is entitled to equitable tolling of the limitation period for filing his § 2255 motion.[3]

For the reasons indicated above, Coleman's § 2255 motion is time-barred by AEDPA's one year limitation period, 28 U.S.C. § 2255(f).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and this case DISMISSED with prejudice, because the § 2255 motion was filed after expiration of the limitation period in 28 U.S.C. § 2255(f).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before December 1, 2017. A party must specifically identify the factual findings and legal

---

[3] This court entered an order allowing Coleman to show cause why his § 2255 motion should not be dismissed as time-barred. Doc. No. 13. However, Coleman filed no response to the court's order.

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of November, 2017.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE